**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1453

GONG-REN YANG, a/k/a Gui Wen Chen,

Petitioner,

versus

JOHN ASHCROFT, Attorney General of the United
States,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A77-281-006)

Submitted: November 19, 2004      Decided: December 14, 2004

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

H. Raymond Fasano, MADEO & FASANO, New York, New York, for
Petitioner. Peter D. Keisler, Assistant Attorney General, Linda S.
Wendtland, Assistant Director, Donald A. Couvillon, DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Gong-Ren Yang, a native and citizen of the People's Republic of China, seeks review of a decision of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture.[*] We have reviewed the administrative record, the immigration judge's decision, and the order of the Board, and find that substantial evidence supports the Board's conclusion that Yang failed to sustain his burden of showing past persecution or a well-founded fear of future persecution, as required to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2004) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). We will reverse the Board only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting Elias-Zacarias, 502 U.S. at 483-84). The evidence does not compel such a result in this case.

In addition, we uphold the denial of Yang's application for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the

_____

[*]Yang raises no issues regarding the Convention Against Torture claim in this court.

- 2 -

facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)."  Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).

We deny Yang's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED